**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 02, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: March 02, 2010**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-10554 |
| | ) | |
| Joseph & Sheila Kavalec, | ) | Chapter 7 |
|     Debtors. | ) | |
| _____ | ) | |
| | ) | Adversary Proceeding |
| Richard Baumgart, Chapter 7 Trustee, | ) | No. 09-1233 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| Carl E. Filut, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the unopposed motion of the

Chapter 7 Trustee (trustee) for summary judgment as to defendant James R.

Kavalec, Sr. (James Kavalec). For the reasons that follow the trustee's motion for

---

[1] This Memorandum of Opinion is not intended for official publication.

summary judgment is granted.

## FACTS AND PROCEDURAL HISTORY

Unless otherwise indicated the following facts are undisputed. On January 27, 2009, the debtors, Joseph and Sheila Kavalec (debtors), filed a voluntary petition under Chapter 7 of the Bankruptcy Code (Case # 09-10554). Richard Baumgart was appointed as Chapter 7 Trustee. On September 10, 2009, the debtors received their discharge.

On July 2, 2009, the trustee filed this adversary proceeding against Carl Filut and James Kavalec to: (1) avoid the transfer of real property located at 7718 Alan Parkway, Middleburg Heights, OH 44130 (Middleburg Heights property), from the debtor Joseph Kavalec to Carl Filut, pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and (2) to avoid the transfer of $40,725.00 to the defendant James Kavalec, pursuant to 11 U.S.C. §§ 544, 547, and 551. On August 6, 2009, James Kavalec filed his answer. On August 15, 2009, Carl Filut filed his answer.

On September 25, 2009, the trustee served James Kavalec's counsel with a request for production of documents and a request for admission of facts. James Kavalec did not respond. Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure made applicable by Rule 7036 of the Federal Rules of Bankruptcy

Procedure, the Court will accept the following admissions as facts.

1. As of June 26, 2008, the Debtor, Joseph E. Kavalec and Carl E. Filut each owned an undivided one-half interest in the real estate located at 7718 Alan Parkway, Middleburg Heights, OH 44130 (the "Real Property").

2. The Debtor, Joseph E. Kavalec, transferred his interest in the Real Property to Carl E. Filut, on our about November 17, 2008.

3. In consideration for the Debtor's transfer of his interest in the Real Property to Carl E. Filut, in November, 2008, Carl E. Filut, paid the sum of $40,725.00 to or for the benefit of the Debtor's brother, the Defendant, James R. Kavalec, Sr.

4. The Debtor agreed to the transfer of his interest in the Real Property to Carl E. Filut, in November, 2008, in exchange for the agreement of Carl E. Filut, to use the refinancing proceeds to pay the Defendant, James R. Kavalec, Sr., the sum of $40,725.00.

5. The transfer of the Debtor's interest in the Real Property to Carl E. Filut, and the payment of $40,725.00 to the Defendant, James R. Kavalec, Sr., was part of an integrated transaction.

6. The Real Property had a value of $128,000.00 at the time that the Debtor transferred his interest in the Real Property to Carl E. Filut.

7. The Debtor was insolvent at the time that the sum of $40,725.00 was paid to the Defendant, James R. Kavalec, Sr., in November, 2008.

8. The Debtor was rendered insolvent as a result of the transfer of $40,725.00 to the Defendant, James R. Kavalec, Sr., in November, 2008.

9. The Defendant, James R. Kavalec, Sr., was a creditor of the Debtors at the time of the $40,725.00 payment to the Defendant, James R. Kavalec, Sr., in November, 2008.

10. The Defendant, James R. Kavalec, Sr., loaned the sum of $40,000.00 to the Debtor in June, 2008 in order for the Debtor to purchase the Real Property and such loan was an unsecured loan.

On January 15, 2010, the trustee filed a motion seeking summary judgment as to James Kavalec. James Kavalec has not responded to the trustee's motion seeking summary judgment, and the Court is ready to rule.

## JURISDICTION

The Court has jurisdiction over this action. Actions seeking to avoid preferential transfers are core proceedings under 28 U.S.C. § 157(b)(2)(A), and (F). The Court has jurisdiction over core proceedings under 28 U.S.C. § 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing

that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will review the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

The trustee seeks to avoid the transfer of $40,725.00 to the defendant, James Kavalec, pursuant to 11 U.S.C. § 547(b). Section 547 of the Bankruptcy Code enables a trustee to "avoid certain transfers made to creditors within 90 days prior to the commencement of the bankruptcy case." *Chase Manhattan Mort. Corp. v.*

*Shapiro (In re Lee)*, 530 F.3d 458, 463 (6th Cir. 2008). Where the creditor is an insider, the code allows the trustee to avoid transfers that occurred within one year. § 547(b)(4)(B). The five elements of a preferential transfer are set forth in § 547(b). *See In re Lee,* 530 F.3d at 463. Section 547(b) provides:

> Except as provided in subsection (C) and (I) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of the transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The trustee has satisfied each of the elements. The first element requires the plaintiff to show that the transfer was made for the "benefit of a creditor." § 547(b)(1). The debtor Joseph Kavalec transferred his one-half interest in the Middleburg Heights property to Carl Filut, in consideration for which Carl Filut transferred $40,725.00 to the debtor's brother James Kavalec. The debtor initiated

6

this three party transfer to repay James Kavalec who had made an unsecured loan of $40,000.00 to the debtor. Joseph Kavalec conducted this three party transfer for the benefit of his brother James Kavalec, who is also one of his creditors.

The second element requires the plaintiff to show that the transfer was made "on account of an antecedent debt owed by the debtor." § 547(b)(2). In June, 2008, James Kavalec made an unsecured loan of $40,000.00 to his brother Joseph Kavalec. Several months later, Joseph Kavalec transferred his one-half interest in the Middleburg Heights property to Carl Filut, in consideration for which Carl Filut transferred $40,725.00 to the debtor's brother James Kavalec.

The third element requires the plaintiff to show that the transfer was made "while the debtor was insolvent." § 547(b)(3). Under the Bankruptcy Code, "the debtor is presumed to have been insolvent on and during the ninety days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). The transfer at issue occurred on or about November 17, 2008, the debtors filed for bankruptcy on January 27, 2009, which was less than ninety days after the date of the transfer. Consequently, the debtors were presumptively insolvent at the time of the transfer. While this presumption may be overcome, neither defendant has disputed that the debtors were insolvent at the time of the transfer, and the Court is unaware of any evidence which would overcome the statutory presumption of

insolvency in § 547(f). As such, the Court finds that Joseph Kavalec was insolvent at the time of the transfer.

The fourth element requires the plaintiff to show that the transfer was made "on or within 90 days before the date of the filing of the petition." § 547(b)(4)(A). Where the creditor is an insider the time is extended to one year. § 547(b)(4)(B). Since the transfer was made within ninety days of the date that the debtors filed their bankruptcy petition the fourth element is satisfied.

To satisfy the final element the plaintiff must show that the transfer "enables a creditor to receive more than it would receive if the case were a Chapter 7 case and the transfer had not been made." *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 464 (6th Cir. 1991). Additionally, the Sixth Circuit has held that, "[u]nless the estate is sufficient to provide a 100% distribution, any unsecured creditor... who receives a payment during the preference period is in a position to receive more than it would have under a Chapter 7 liquidation." *In re Chattanooga Wholesale Antiques*, 930 F.2d at 465.

James Kavalec made an unsecured loan of $40,000.00 to the debtor. As a result of the transfer he received $40,725.00, which amounted to full repayment with interest. The claims register shows claims for $211,032.53, of which at least $178,658.02 is unsecured. According to the trustee's affidavit, there have not been

8

any funds recovered for the bankruptcy estate, and the trustee does not expect to pay creditors in full. (Baumgart Aff. Ex. A at 2). Accordingly, the trustee has satisfied the fifth element.

The transfer was a preference under § 547(b). As such, the trustee may avoid the transfer and recover from James Kavalec the $40,725.00 pursuant to 11 U.S.C. § 550.

## CONCLUSION

For the reasons stated above, the trustee's motion for summary judgment is granted as to defendant James Kavalec. The Court will enter judgment in favor of the trustee and against the defendant James Kavalec in the amount of $40,725.00 plus prejudgment interest from July 2, 2009, at the judgment rate provided under 28 U.S.C. § 1961. Each party shall bear its own costs and attorney's fees.

The trustee's claim against defendant Carl Filut will be determined at the March 25, 2010, trial, pursuant to the scheduling order dated September 3, 2009.

IT IS SO ORDERED.